The Court,
(Dana, C. J., Strong and Thatcher, justices,) without hearing the counsel for the defendants, were of opinion that the *27 evidence was insufficient to support the action—that as the plaintiff had not proved that he was, according to the * rules [ * 35 ] of even his own religious sect, ordained over any particular parish or society, but only over an indefinite district called the Pittsidd Circuit, he had not entitled himself to receive the money claimed. They said that it never could have been the intention of the framers of the constitution, upon any reasonable construction of that instrument, to authorize these itinerant preachers, who had never been ordained over a certain specified place or parish, and whose practice it is to travel about and preach occasionally, sometimes in one place, and sometimes in another, perhaps in twenty towns, or a whole county, to bring actions and recover back all the moneys which had been assessed, for the support of the public worship, or of the public teachers of religion, on those persons who professed to be of the religious sect or denomination of such itinerant preacher, and who occasionally attended on his instructions— that if this were allowed, it would have the most direct tendency to subvert all the regular religious societies in the community.
The plaintiff was nonsuited (1).
Note.—Is it not clear, from the form of the certificate prescribed in the 4th sect. of the act of March 4,1800, (stat. 1799, c. 87,) above mentioned, that the legislature had the same opinion (as that expressed in this case by the Court) as to the public teacher who might have a right to bring an action and recover moneys assessed and paid as aforesaid ?

 It has since been decided, that an evangelist who has contracted to preach to two societies in different towns, is not entitled to the taxes paid by his hearers for the support of public worship—Kendall vs. Kingston, 5 vol 524; and, also, that no person has a right to receive these taxes who is not a teacher of piety, &c., to an incorporated society, 6 vol. 401, Barnes vs. Falmouth.—Both these points were again resolved, Turner vs. Second Precinct in Brookfield, 7 vol. 60 —See, also, ib. 230, Lord vs. Byfield. But it is now enacted by stat. 1811, c. 6, § 1, “ That all moneys paid by any citizen of this commonwealth to the support of public worship, or of public teachers of religion, shall, if such citizen require it, be uniformly applied to the support of the public teacher or teachers of his own religious denomination, provided there be any whose instruction he usually attends, as xoell when such teacher or teachers is or arc the teacher or teachers of an unincorpoi'atcd as of a corporate religious society $ and it shall be sufficient to entitle any such teacher or teachers of a corporate or unincorporate religious society to receive the same moneys of the town, district, parish, or religious corporation, which shall assess, collect, or receive the sum, that he be ordained and established, according to the forms and usages of his oxon religious sect and denomination, although h>s parochial charges or duties may extend over other religious societies9 according to such forms and usages.”—No decision has yet been had to show whether tiiis statute is to be considered as constitutional, or whether its construction is to be restricted in conformity with constitutional principles.—[Sed vide Gridley vs. Clark 2 Pick. 403.—Sumner vs. First Parish in Dorchester, 4 Pick. 361.—Ed.]